JUNE TERM,
1838.

Hamilton, admr.
of Rundlett,
v.
Stewart.

HAMILTON, ADMR. OF RUNDLETT, v. STEWART.

In a petition and summons, brought by an administrator on a note given to his intestate, bearing date subsequently to the letters of administration, it is not necessary, as it would be in a common law action, to aver in the petition, that the note was incorrectly dated; but the defendant, if he desires to put in issue that seeming variance, can do so by his pleas.

ERROR to the St. Louis circuit court.

*A. Hamilton*, counsel for plaintiff in error:

1. A delivery of the note may be inferred, for a delivery to the payee necessarily implies his existence at the time, and that the contract was consummated and completed. As to bills and notes, which in this respect are exceptions to written contracts in general, a delivery will be presumed—7 T. R. 596; 5 East, 476; 1 Har. & Gill, 324; 1 Har. & John. 323.

2. It is clear that the legislature intended to give to every legal owner of a bond or note, such as is specified in the statute, the remedy by petition and summons. Will it be contended that the legal owner could not recover in this form of action? If not, why not?

3. The petition was decided to be bad upon a point altogether collateral, a mere matter of evidence, and what should have been rejected as surplusage. Indeed, were it not for the decision of this court to the contrary, the whole profert would seem to be unnecessary. Where a mode of pleading is given by statute, it is sufficient that the plea contains all the words required by the statute. Every thing else is matter of evidence—6 East, 413, 416.

4. The third plea is manifestly bad. It merely alleges that the defendant had never been informed where the goods should be delivered. The defendant rendered such information unnecessary, from having refused or neglected to comply with his undertakings. This plea does not aver any readiness or tender.

5. The fourth plea is also a nullity. It alleges that no demand of the goods was made. This court has advocated the policy of placing contracts of this nature upon the same footing as that governing those for the payment of money, where reason and the obvious intention of the parties do not forbid it—see generally, 8 Wendall, 403; 18 Martin, 494; 3 Mo. Rep. 114; 3 Little's Ky. Rep. 199.

*G. A. Bird,* counsel for defendant in error:

From plaintiff's own showing, his intestate was not alive at the date of the note declared on, therefore, could not have been the payee. If the note was not given at the time it bears date, the fact should be so stated, and the true time given. See mode of declaring in such cases—Chitty on Bills, 354–5.

JUNE TERM,
1838.

Hamilton, admr. of Rundlett,
v.
Stewart.

TOMPKINS, Judge, delivered the opinion of the court.

The administrator of Rundlett brought his action in the circuit court against Stewart, and judgment being given against him, this writ of error is prosecuted to reverse the judgment.

This suit was by petition in debt on a note dated 14th November, 1836. The letters of administration made profert of, were dated on 10th September, 1836.

Five several pleas were pleaded; on two, issues of fact were taken; on the three last, were joined issues of law.

The third plea was, that neither the plaintiff, as administrator, nor the deceased in his lifetime, ever informed the defendant where the goods should be delivered.

Fourth plea. There was no demand of goods.

Fifth. That the defendant, before the commencement of the suit, had no notice that the plaintiff was the owner of the note.

To the third plea, the plaintiff replied that defendant never applied to either the intestate or to the plaintiff, as administrator, to inquire where the goods should be delivered.

To this replication the defendant demurred. The plaintiff demurred to the fourth and fifth pleas.

The circuit court overruled the demurrer of the plaintiff to the fourth and fifth pleas, because the plaintiff's petition was insufficient to entitle him to maintain his action.

The point made by the counsel of the defendant is, that from the plaintiff's own showing, his intestate was not alive at the date of the note declared upon, and therefore, could not have been the payee. If the note was not given at the time it bears date, the fact should be stated, and the true time stated.

This is the point and argument made, and the rule is correctly stated as suits are brought at common law. The statute, however, which gives the mode of proceeding to recover debts, prescribes the form of the petition. The plaintiff is required to state that he is the

In a petition and summons, brought by an administrator on a note given to his intestate, bearing date subsequently to the letters of administration, it is not necessary, as it would be in a common law action, to aver in the petition, that the note was in-

JUNE TERM,
1838.

correctly dated; but the def. if he desires to put in issue that seeming variance, can do so by his pleas.

legal owner of a bond, note, &c. against the defendant, to the following effect: [He then inserts a copy of the instrument sued on, and adds, "yet the said debt remains unpaid," &c.]

By the third section of the act, the petitioner is required to leave the instrument on file in the clerk's office when he presents his petition.

The form prescribed by the act precludes the plaintiff from making any statement of the true time when the instrument was executed, and no inconvenience can arise to the defendant on that account, for the instrument sued on is left on file for his inspection; and if he did make the note on a day different from that on which it appears to be dated, he can recollect it as well as the plaintiff; if not, then he may prepare himself both by his pleadings and his testimony, to show that the plaintiff is not entitled to recover. As the date of a note is by no means material, and as the statute requires a copy to be inserted in the petition, that petition does not become the subject of a demurrer, because the note sued on bears date after the death of the maker.

The plaintiff might, on trial, have been able to prove that the note was made on a day before the death of the intestate, and whatever he might have been required to state in a declaration at common law that is incompatible with this statutory mode of proceeding, he must be allowed to prove on the trial, if the defendant, by his plea elect to put it in issue.

The circuit court, then, in my opinion, should not have decided the plaintiff's petition to be insufficient, because it did not state the true time when the instrument sued on was made. Its judgment ought then, in my opinion, to be reversed, and such being the opinion of the rest of the court, it is reversed, and the cause remanded.